# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

MICHAEL TERRY WILLIAMS,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

**No. 09-CV-3059-DEO**

**CERTIFICATE OF APPEALABILITY**

_____

This matter is before the Court on Mr. Williams's Motion for a Certificate of Appealability. Docket # 60.

## I. INTRODUCTION AND HISTORY

Mr. Williams filed the present action, a petition for habeas corpus relief under 28 U.S.C. § 2254, on August 31, 2009. Mr. Williams originally filed the Petition in the Southern District of Iowa. The case was transferred to this Court, and on April 14, 2010, the Court conducted an initial review and allowed Mr. Williams's case to proceed. After holding two hearings in 2011 and reviewing the parties briefs, the Court denied Mr. Williams's Petition for habeas relief on March 29, 2013.

## II.  ANALYSIS

Mr. Williams filed the present Motion for a Certificate of Appealability on April 5, 2013.  Under the Code, in most situations, a party must receive a Certificate of Appealability before that party can appeal a district court's ruling on a habeas petition to the circuit court.[1]  28 U.S.C. §2253(c)(2) gives the District Court discretionary power to grant a Certificate of Appealability.  Under that section, the Court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 482 (2000) (citing 28 U.S.C. § 2253(c)).  In Slack, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under §2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

---

[1] See, generally, 28 U.S.C. §2253.

2

> *Barefoot*, 463 U.S. at 893, and n.4, 103 S.
> Ct. 3383, 77 L. Ed. 2d 1090 (sum[ming] up
> the "substantial showing" standard).

*Slack*, 529 U.S. at 483-84. *See also* *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000).

In his habeas Petition, Mr. Williams raised two primary arguments. Mr Williams's first argument was that there were multiple levels of conflicts between himself and other witnesses represented by his trial attorney and that his trial attorney had a conflict with the prosecuting attorneys' office. Mr. Williams's second argument was that his appellate attorneys were ineffective for failing to raise all of his claims, and for failing to appeal an [allegedly] adverse ruling by the Iowa Court of Appeals. In its Order denying Mr. Williams's § 2254 petition, the Court found that neither Mr. Williams's trial attorney nor his appellate attorneys were ineffective.

Even though the Court is satisfied with its ruling, the Court believes that it is possible that "reasonable jurists could debate whether...the petition should have been resolved in a different manner". *Slack*, 529 U.S. at 483-84. As the Court pointed out in its original Order, it is clear that

3

there were a number of unfortunate interrelationships between the Cerro Gordo County Attorney's Office and the local public defender's office, that cast a shadow over Mr. Williams's conviction. The existence of the circuit courts and the Supreme Court is a testament to the fact that district courts are not infallible. The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable. Mr. Williams's claim is sufficiently well founded that a review would be appropriate.

The case of Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997) states that in granting a Certificate of Appealability, this Court must state the issues upon which the applicant may have made a substantial showing of the denial of his constitutional rights. Accordingly, Mr. Williams may appeal the issues of whether his trial attorney was ineffective regarding the alleged impermissible conflicts of interest, and whether his appellate attorneys were ineffective for failing to raise all his claims and for failing to pursue an appeal of the ruling of the Iowa Court of Appeals.

4

**III.   CONCLUSION**

**IT IS THEREFORE HEREBY ORDERED** that petitioner's motion for certificate of appealability, Docket # 60, is **granted**.

**IT IS SO ORDERED** this 12th day of April, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa